## No. 8926.

### ADAM BROTHERS vs. S. OTERI & BROTHER.

A principal is bound to reimburse the expense and charges which his agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated. Neither can he be dispensed therefrom, nor be permitted to reduce the amount to be reimbursed, under pretense that the charges ought to have been less, even if the affair has not succeeded, where no fault is imputed to the agent.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Henry Denis* for Plaintiffs and Appellants.

*W. S. Benedict* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an action sounding in damages alleged to have been sustained in consequence of counter orders from the defendants preventing the complete execution of a contract, partially carried out, under which plaintiffs, for their services, were to receive a fixed remuneration.

The allegations are that the plaintiffs were employed by the defendants for the purpose of forming in England a limited liability company for a steamer in process of construction, and to provide for some arrangement with the builders for a satisfactory guarantee for the pay-

ment of the last instalment (£5000) of the price; that the defendants had agreed to pay for the plaintiffs' services £300; that the petitioners were engaged in the execution of that agreement and had already taken a great deal of trouble; done much labor and incurred expenses in furtherance, when the defendants changed their minds and instructed plaintiffs to proceed no further.

The defense is a general denial, amplified by averments to show that whatever passed between the parties, the alleged agreement never was entered into and that the sum claimed is greatly in excess of what would be the customary fee in like cases, viz: £20.

There was judgment dismissing the suit, and plaintiffs appeal.

Oral and documentary evidence was adduced, the latter consisting in the letters and cablegrams which passed between the principal and intermediate parties. The record contains some thirty letters and twenty dispatches on the subject.

We deem it unnecessary to state specifically what that evidence was.

We think that it establishes that the defendants, through the firm, Forstall, Ross & Clayton, of this city, did authorize the plaintiffs to take all necessary steps to form the company and to make some arrangement for the payment of the unpaid portion of the price of the steamer; that they agreed expressly to pay the plaintiffs £300 for their services; that the plaintiffs had a good deal of trouble in carrying out their mandate, placed the matter in the hands of a solicitor, had the *projet* of an act prepared, which they transmitted to the defendants and which is in the record, for their inspection and consideration, conforming as much as practicable with their views and instructions as far as understood; that the plaintiffs were willing to undertake to guarantee the payment of the balance of price due the builder, provided they were secured either by a transfer of stock or by a mortgage on the steamer.

It further appears that a brother-in-law of the defendants, who has an interest in the ship, the importance of which cannot be easily or correctly stated, as he, himself, when pressed to specify it did not do so, and who was to have been put in command of the vessel had he proved himself, as he claimed to be, an English subject, threw impediments in the way of the execution of the agreement. It also appears that it is on this account that the defendants countermanded their previous instructions, which had taken the form and substance of a valuable contract, in which the plaintiffs had acquired a pecuniary interest, a vested right, which could not be wrested from them with impunity.

The counter orders to plaintiffs imply an anterior understanding and contract.

It is immaterial whether the litigants be viewed and dealt with as independent contracting parties, or as agents and principals. From either stand-point, the plaintiffs should recover.

The law on the subject of mandate distinctly recognizes their rights as asserted in the present action.

Article 3022 R. C. C. expressly provides:

"The principal ought to reimburse the expense and charges which the agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated.

"If there be no fraud imputable to the agent, the principal cannot dispense with this reimbursement and payment, nor can he reduce the amount of the reimbursement under pretense that the charges and expenses ought to have been less." C. N. 2999; 2 R. 63, 163; 1 A. 5; 2 A. 624; 18 A. 342; 3 A. 98.

Nothing indicates that the plaintiffs ever were in default, while the proof is clear that the defendants were in various ways.

Had not Capt. Pizatti, the brother-in-law already mentioned, interposed obstacles as he did, which proved a stumbling-block, the undertaking would have been carried out by the plaintiffs, who having been foiled, should recover.

The measure of the damages is the amount which they would have earned had not the countermanding taken place and had they been permitted to complete their undertaking.

The judgment of the lower court was one of non-suit. The proof warrants a recovery.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that plaintiffs recover of the defendants, Salvador Oteri and Joseph Oteri, *in solido*, the sum of fifteen hundred dollars, with legal interest from judicial demand until paid, with costs in both courts.